# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# AT ASHLAND
# CIVIL ACTION NO. 13-12-HRW-JGW

**ROGER KITTLE, JR.**                                                    **PLAINTIFF**

**V.**

**BOYD COUNTY DETENTION CENTER, et al.**                  **DEFENDANTS**

## REPORT AND RECOMMENDATION

Plaintiff Roger Kittle, Jr. is an inmate currently housed at the Hopkins County Detention Center who is proceeding pro se in this 42 U.S.C. §1983 civil rights action which alleges mistreatment of plaintiff while he was housed at the Boyd County Detention Center ("the Detention Center"). In June 2013, the presiding district judge referred this matter for all further pretrial proceedings, including the preparation of a report and recommendation on all dispositive motions. Doc. 12.

Pending now is a motion to dismiss and/or for summary judgment filed by defendants Jeremy Hanshaw, Tom Jurta and Joe Burchett (collectively, "defendants"). Doc. 19. Plaintiff has not responded to the motion and the time for doing so under LR 7.1(c) has expired. After considering the record and applicable law, I recommend that defendants be granted summary judgment due to plaintiff's failure to exhaust his administrative remedies prior to filing this action.[1]

---

[1] Because defendants attached matters outside the pleadings to their motion and the Court has considered those attachments, the motion to dismiss will be treated as a motion for summary judgment. *See* Fed.R.Civ.P. 12(d).

**I. Factual and Procedural History**

In February 2013 plaintiff filed this pro se action against the Detention Center, Joe Burchett (the Boyd County Jailer), Jeremy Hanshaw (who was a deputy jailer at the Detention Center when the events at issue occurred) and Tom Jurta (Boyd County Chief Deputy Jailer), for alleged misconduct that occurred while plaintiff was housed at the Detention Center.[2] Doc. 1. The complaint was handwritten in narrative form but the Court construes it to contain four main cause of action: 1) while plaintiff was on suicide watch at the Detention Center, Burchett told plaintiff that he (Burchett) wished plaintiff would kill himself; 2) Hanshaw tackled defendant and held him down while another officer (not named) pepper sprayed defendant; 3) Jurta and Burchett made abusive and/or threatening statements to defendant while he was confined in a restraint chair; and 4) Jurta took defendant's mat and blanket and required him to sleep on a concrete floor.

In April 2013, Judge Wilhoit issued an order dismissing the Detention Center as a defendant because "a county jail or detention center is not an entity which may be sued." Doc. 7, p.1. In May 2013, defendants filed their answer. Doc. 11. Included within the answer were allegations that plaintiff had failed to exhaust his administrative remedies and that his claims consequently were barred by the Prison Litigation Reform Act ("PLRA"). *Id.* at p. 3-4. Defendants deposed plaintiff on July 1, 2013 but there is no indication that plaintiff otherwise engaged in discovery. Defendants timely filed their

---

2 The complaint merely states that the events happened "Sep[tember], Oct[ober] and end of Nov[ember]" without specifying a year. Doc. 1, p.3. Defendants assert in their motion for summary judgment that the alleged events occurred in 2012. Doc. 19-1, p.2. Because plaintiff has presented nothing to the contrary, the Court will accept defendants' statement that the acts at issue are alleged to have occurred in 2012.

2

motion for summary judgment on November 15, 2013.³ Doc. 19.

**II. Analysis**

**A. Standard of Review**

Summary judgment is proper only if the facts on file with the court demonstrate that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party may discharge its burden by "pointing out . . . an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party cannot rest on its pleadings, but must identify specific facts that remain in dispute for the finder of fact at trial. *See id.* at 324. Although all inferences are drawn in favor of the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986), the nonmoving party must present significant and probative evidence in support of its complaint. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

---

³Though defendants raised various immunity defenses in their answer (Doc. 11, p.2), immunity is not addressed in defendants' motion for summary judgment. Accordingly, the Court will not address immunity in this report and recommendation. *See, e.g., Brown v. Crowley*, 312 F.3d 782, 787-88 (6th Cir. 2002) ("Although the defendants preserved the defense in their first responsive pleading and in their answer to Brown's complaint, they did not pursue this argument before the district court in the motion for summary judgment that they filed after the case was remanded. The Seventh Circuit has explained that, even if a defendant has raised the affirmative defense in a responsive pleading, the defense of qualified immunity may be deemed as waived if not properly and timely presented before the district court. . . . We find this reasoning persuasive. We will not, therefore, address the defendants' argument that they have qualified immunity from Brown's claim.") (internal quotation marks and citations omitted).

The court's function is not to weigh the evidence and determine the truth of the matters asserted, but to determine whether a genuine issue of material fact remains for a fact finder at trial. *Id.* at 249. The inquiry is whether the evidence presents a "sufficient disagreement to require submission [of the case] to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. "The Court . . . cannot automatically grant the summary judgment motion merely because [the opposing party] has not filed a response in opposition." *United States v. Bennett*, 2008 WL 4510256, at *1 (E.D.Tenn. Oct. 1, 2008).[4] However, the court reviewing a summary judgment motion need not search the record in an effort to establish the lack of genuinely disputed material facts. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). Rather, the burden is on the nonmoving party to present affirmative evidence to defeat a properly supported motion, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989), and to designate specific facts that are in dispute. *Anderson*, 477 U.S. at 250; *Guarino*, 980 F.2d at 404-05.

**B. Failure to Exhaust Administrative Remedies**

Defendants contend plaintiff's claims should be dismissed because he failed to exhaust his administrative remedies prior to filing this action. The Court agrees.

Jurta's affidavit, which is uncontradicted, explains that the Detention Center does have a grievance policy. Doc. 19-3, p.2. Jurta explains that the Detention Center's policy for filing a grievance is that "upon request a grievance form is delivered to the

---

[4]*See also Motions in Federal Court* §9.32 (2013) ("The court cannot grant summary judgment merely because the nonmoving party fails to respond to the summary judgment motion, or fails to respond in a timely manner. The court may . . . deem the facts alleged by the movant to be admitted if the nonmoving party fails to respond.") (footnotes omitted).

4

requesting inmate. Thereafter, the inmate delivers the grievance form to a correctional officer, who in turn, returns it to Deputy Damon Matthews, who then records same in the grievance register." *Id.*

In the section of his complaint regarding grievance procedures, defendant checked a box stating that he did not file a grievance but wrote "tried" next to it. Doc. 1, p. 5. At the bottom of that page he wrote "I tried, never would Bring Forms After I Asked." *Id.* Defendant changed his version of events markedly at his deposition, however.

At his deposition, defendant first testified that he did fill out a request for a grievance form but was "not exactly sure" if he had received the forms. Doc. 19-6, p. 9. Defendant then vacillated by testifying that he was "not sure" and "didn't know" how many grievance forms he had completed. *Id.* Shortly thereafter, however, defendant completely changed course and admitted that he had not filled out any grievance forms for the claims at issue in his complaint, as evidenced by the following colloquy:

> Q So when you would request these forms some deputy would give those to you; correct?
> A A request form?
> Q Yeah
> A Yeah . . . .
> Q Well, specific to this issue with Tom Jurta taking your mat –
> A Uh-huh.
> Q --did you ever file a request for a grievance form?
> A Over the mat?
> Q Yeah.
> A No . . . .
> Q Okay. Did you ever file a grievance request form for any of these issues that you raise in your complaint?
> A No, I don't believe so. I don't know.

*Id.* at p. 9-11.

Jurta similarly averred in his affidavit that "[a]ccording to the records of the Detention Center, Mr. Kittle never filed any grievances, or requested any forms to do so, regarding any of the allegations contained in his Complaint filed in this action, which Complaint I have likewise reviewed, as I am a named Defendant therein." Doc. 19-3, p. 2. Defendant's failure to file any grievances regarding the claims in his complaint may not be attributed to ignorance of the Detention Center's grievance procedure because defendant did file a grievance unrelated to the claims in this complaint regarding "kitchen issues[.]" Doc. 19-3, p. 2, 19-4, p.1.

In order to "alleviate the burden" of increasing prisoner litigation in federal court, Congress enacted the PLRA, which "require[es] prisoners to exhaust all administrative remedies before they can file suit in federal court." *Napier v. Laurel County, Ky*, 636 F.3d 218, 222 (6th Cir. 2011). Specifically, 42 U.S.C. §1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."[5] A prisoner's belief that the grievance procedure is ineffectual or futile is insufficient to circumvent the "strong" exhaustion requirement. *Napier*, 636 F.3d at 222. Accordingly, plaintiff is statutorily required to have exhausted all available administrative remedies prior to initiating this suit, regardless of whether the available remedies "meet federal standards" or are "plain, speedy, and effective" or whether the prisoner "seeks relief not

---

5 Excessive force claims relate to prison conditions, thereby triggering the exhaustion requirement. *See, e.g., Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999). In fact, the PLRA is construed broadly enough to encompass all of plaintiff's claims. *See Porter v. Nussle*, 534 U.S. 516, 632 (2002) ("we hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve

6

available in grievance proceedings . . . ." *Porter*, 534 U.S. at 524 (quotation marks omitted).

The record taken as a whole clearly demonstrates that plaintiff failed to exhaust his administrative remedies. Jurta's affidavit—which has not been contradicted--unambiguously states that plaintiff did not file any grievances related to the allegations in his complaint. In addition, plaintiff testified at his deposition that he did not believe he filed a grievance over the allegations in his complaint. The statements in plaintiff's complaint regarding his allegedly having filled out some grievance forms but not having received a response or being told on other occasions that he was not allowed to file a grievance must be discounted in light of his contradictory deposition testimony. *See, e.g., Leary v. Livingston County*, 528 F.3d 438, 444 (6th Cir. 2008) ("Nor can Leary create a triable issue of fact simply by pointing to discrepancies between his complaint (which said that the slap hurt) and his deposition testimony (which said that the slap did not hurt). When a claimant's testimony contradicts the allegations in his complaint, we will credit his later testimony. A claimant may not create a triable issue of fact by saying one thing in a complaint and something else in a deposition.") (citations omitted).

Plaintiff's apparent belief that it would have been futile to have filed grievances is manifestly insufficient to excuse his failure to exhaust his administrative remedies prior to filing this action. Because defendants have shown that a grievance procedure was available but plaintiff chose not to utilize it, defendants are entitled to summary

---

general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

judgment on all of plaintiff's claims.[6]

### III. Recommendation

For the foregoing reasons, it is **RECOMMENDED**:

Defendant's motion for summary judgment [Doc. 19] should be **granted**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

---

6 Because plaintiff's failure to exhaust his administrative remedies dooms all of his claims, the Court need not analyze those claims on the merits. However, at least some of the claims are patently subject to summary judgment. First, plaintiff's claims of verbal harassment by various defendants without an accompanying showing of a physical injury is specifically foreclosed by 42 U.S.C. §1997e(e), which provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." Second, any claims against Jailer Burchett based on his supervisory capacity must fail because respondeat superior claims are not cognizable under §1983 and plaintiff has not alleged that Burchett instituted or maintained a custom or policy which permitted or encouraged the alleged bad acts committed by other defendants. *See, e.g., Lozano v. Corrections Corp. of America*, 23 Fed.Appx. 348, 350 (6th Cir. 2001) ("the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability upon supervisory personnel; rather, in order to find a supervisor liable, a plaintiff must allege that he condoned, encouraged, or knowingly acquiesced in the alleged misconduct.").

This the 19th day of December, 2013



Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge